# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LISA WELLS,<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>COMMUNITY HEALTH SYSTEMS, INC. *et al.*,<br><br>Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(B)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b) |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Plaintiff Lisa Wells brings this action individually and on behalf of all current and former Care Providers[1] (hereinafter "Plaintiff and the Putative Class Members") who worked for Community Health Systems, Inc.; Knoxville HMA Holdings, LLC; Jefferson County HMA, LLC; Campbell County HMA, LLC; Cocke County HMA, LLC; Metro Knoxville HMA, LLC and Cleveland Tennessee Hospital Company, LLC (collectively "Tennova Healthcare" or "Defendants"), at any time during the relevant statutes of limitation through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207, and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b), and Tennessee common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while the Tennessee state law claim is asserted as a class action under Federal Rule of

---

[1] Care Providers are defined as hourly employees who provided direct care to Defendants' clients/patients and who were subject to the automatic meal break deduction.

Civil Procedure 23. The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 and a class action pursuant to the laws of Tennessee, and FED. R. CIV. P. 23, to recover unpaid straight-time wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those persons who worked for Defendants as Care Providers and were responsible for assisting patients and doctors in Defendants' facilities, at any time during the relevant statutes of limitation through the final disposition of this matter, and have not been paid for all hours worked nor the correct amount of overtime in violation of state and federal law.

3. Although Plaintiff and the Putative Class Members have routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4. During the relevant time period, Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked each workweek and the proper amount of overtime on a routine and regular basis during the relevant time periods.

5. Specifically, Defendants' regular practice—including during weeks when Plaintiff and the Putative Class Members worked in excess of 40 hours (not counting hours worked "off-the-clock")—was (and is) to automatically deduct a 30-minute meal-period from Plaintiff and the Putative

Class Members' daily time even though they regularly worked (and continue to work) "off-the-clock" through their meal-period breaks.

6. The effect of Defendants' practices were (and are) that all time worked by Plaintiff and the Putative Class Members was not (and is not) counted and paid; thus, Defendants have failed to properly compensate Plaintiff and the Putative Class Members for all of their hours worked and resultingly failed to properly calculate Plaintiff and the Putative Class Members' overtime under the FLSA and Tennessee state law.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or Tennessee common law.

8. Plaintiff and the Putative Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid straight-time and other damages owed under Tennessee common law as a class action pursuant to Federal Rule of Civil Procedure 23.

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

10. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Wells designated herein be named as the Class Representative for the Tennessee Class.

## II.
## THE PARTIES

11. Plaintiff Lisa Wells ("Wells") was employed by Defendants during the relevant time period. Plaintiff Wells did not receive compensation for all hours worked or the correct amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek.[2]

---

[2] The written consent of Lisa Wells is attached hereto as Exhibit "A."

12. The FLSA Collective Members are those current and former Care Providers who worked for Defendants, at any time from November 17, 2018 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wells worked and was paid.

13. The Tennessee Class Members are those current and former Care Providers who worked for Defendants in Tennessee, at any time from November 17, 2015 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Wells worked and was paid.

14. Community Health Systems, Inc. ("CHS") is a foreign for-profit corporation, licensed to and doing business in the state of Tennessee. CHS may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Comm Health Systems, Franklin, Tennessee 37067-6325.**

15. Knoxville HMA Holdings, LLC ("Tennova Holdings") is a domestic limited liability company, licensed to and doing business in the state of Tennessee. Tennova Holdings may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Community Health Systems, Franklin, Tennessee 37067-6325.**

16. Jefferson County HMA, LLC ("Tennova Jefferson") is a domestic limited liability company, licensed to and doing business in the state of Tennessee. Tennova Jefferson may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Community Health Systems, Franklin, Tennessee 37067-6325.**

17. Campbell County HMA, LLC ("Tennova Campbell") is a domestic limited liability company, licensed to and doing business in the state of Tennessee. Tennova Campbell may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Community Health Systems, Franklin, Tennessee 37067-6325.**

18. Cocke County HMA, LLC ("Tennova Newport") is a domestic limited liability company, licensed to and doing business in the state of Tennessee. Tennova Newport may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Franklin, Tennessee 37067-6325.**

19. Metro Knoxville HMA, LLC ("Tennova Knoxville") is a domestic limited liability company, licensed to and doing business in the state of Tennessee. Tennova Knoxville may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Community Health Systems, Franklin, Tennessee 37067-6325.**

20. Cleveland Tennessee Hospital Company, LLC ("Tennova Cleveland") is a foreign limited liability company, licensed to and doing business in the state of Tennessee. Tennova Cleveland may be served through its registered agent for service of process: **Justin Pitt, 4000 Meridian Blvd, Franklin, Tennessee 37067-6325.**

21. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA and Tennessee state law, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

22. This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

23. This Court has supplemental jurisdiction over the additional Tennessee state law claim pursuant to 28 U.S.C. § 1367.

24. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

25. This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

26. Venue is proper in the Middle District of Tennessee because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

27. Specifically, all of Defendants' corporate headquarters are located in Franklin, Tennessee, which is located within this District and Division.

28. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b).

## IV.
## ADDITIONAL FACTS

29. Defendants are a unified health care system operating multiple hospitals across Tennessee under the assumed name of Tennova Healthcare.[3]

30. To provide their services, Defendants employed (and continue to employ) numerous workers—including Plaintiff and the individuals that make up the putative or potential class.

31. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work throughout the State of Tennessee.

32. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

33. Defendants are integrated companies that share customers, properties, employees, and all other assets.

34. Defendant CHS is the ultimate legal parent of all other named Defendants.

35. Defendant CHS has the power to hire and fire any and all of the Defendants' employees.

36. Defendant CHS supervises and controls all of the Defendants' employees' work schedules and conditions of employment.

---

[3] https://www.tennova.com/hospital-about-us.

37. Defendant CHS determines the rate and method of payment for all the employees under the other named Defendants.

38. Defendant CHS maintains employment records for the direct employees of all the other named Defendants.

39. Specifically, CHS controls the HR Department which maintains all the employment records for all the Defendants' employees.

40. Defendant CHS manages key internal relationships to Defendants—that is, Defendant CHS directs the financials of all the Defendants and controls the pay, hours and schedules of Plaintiff and the Putative Class Members.

41. Moreover, all Defendants have (or had) the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, jointly maintain their employment records.

42. As a result, all Defendants are responsible, both individually and jointly, for compliance with all the applicable provisions of the FLSA and Tennessee state law with respect to the entire employment for the workweeks at issue in this case.

43. Plaintiff Wells was employed by Defendants in Knoxville, Tennessee from approximately October of 2012 until October of 2020.

44. Plaintiff and the Putative Class Members are (or were) Care Providers employed by Defendants during the relevant time-period preceding the filing of this Complaint through the final disposition of this matter.

45. Importantly, none of the FLSA exemptions relieving a covered employer (such as Defendants) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Class Members.

46. Moreover, Plaintiff and the Putative Class Members are similarly situated with respect to their job duties, their pay structure and, as set forth below, the policies of Defendants resulting in the complained of FLSA and Tennessee state law violations.

47. Plaintiff and the Putative Class Members are non-exempt Care Providers who were (and are) paid by the hour.

48. Plaintiff and the Putative Class Members typically worked approximately thirty-six (36) to forty (40) "on-the-clock" hours per week.

49. In addition to their forty (40) "on-the-clock" hours, Plaintiff and the Putative Class Members worked up to three (3) hours "off-the-clock" per week and have not been compensated for that time.

### *Unpaid Lunch Breaks*

50. Defendants have a policy that Care Providers, such as Plaintiff and the Putative Class Members, automatically have thirty (30) minutes per day for a meal period deducted from their hours worked.

51. Defendants were (and continue to be) aware that Plaintiff and the Putative Class Members regularly worked (and continue to work) through their 30-minute periods without pay in violation of the FLSA and Tennessee common law.

52. Specifically, Defendants require Care Providers to care for patients whenever patients buzz them through the Defendants' pager system, but the Defendants do not provide the Care Providers with any patient duty relief at any point during their workday.

53. As a result, Care Providers are rarely able to take a full, undisturbed thirty (30) minute meal break during their shift because of constant patient care duties.

54. When calculating Plaintiff and the Putative Class Members' hours each pay period, Defendants deducted (and continue to deduct) thirty minutes from Plaintiff and the Putative Class Members' daily on-the-clock hours in violation of the FLSA.

55. In other words, for each 3-day workweek, Defendants deducted (and continue to deduct) a minimum of 1.5 hours from each workweek's total "on-the-clock" hours. For a 5-day workweek, Defendants deducted (and continue to deduct) a minimum of 2.5 hours from each workweek's total "on-the-clock" hours.

56. Defendants' systematic deduction of the 30-minute meal period from Plaintiff and the Putative Class Members' "on-the-clock" time resulted (and continues to result) in Plaintiff and the Putative Class Members working straight time hours and overtime hours for which they were (and are) not compensated at the rates required by the FLSA and Tennessee common law.

57. Defendants' systematic deduction of the 30-minute meal period from actual hours worked at or below forty (40) hours per workweek and actual hours worked in excess of 40 hours per workweek deprived (and continues to deprive) Plaintiff and the Putative Class Members of the required and proper amount of straight time pay and overtime pay in violation of the FLSA and Tennessee common law.

58. Defendants knew or should have known that they were (and are) miscalculating Plaintiff and the Putative Class Members' regular rates of pay and that the proper amount of overtime compensation was not being paid to Plaintiff and the Putative Class Members in violation of the FLSA.

59. Defendants knew or should have known that their failure to pay the correct amount of straight time and overtime to Plaintiff and Putative Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

60. Defendants knew or should have known that causing and/or requiring Plaintiff and the Putative Class Members to perform necessary work "off-the-clock" would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Class Members.

61. Because Defendants did not pay Plaintiff and the Putative Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices willfully violate the FLSA.

62. Because Defendants did not pay Plaintiff and the Putative Class Members for all straight-time hours worked, Defendants' pay policies and practices also violate Tennessee common law.

# V.
# CAUSES OF ACTION

## COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A. FLSA COVERAGE**

63. Paragraphs 1–62 are fully incorporated herein.

64. The FLSA Collective is defined as:

**ALL CARE PROVIDERS WHO WORKED FOR COMMUNITY HEALTH SYSTEMS, INC.; KNOXVILLE HMA HOLDINGS, LLC; JEFFERSON COUNTY HMA, LLC; CAMPBELL COUNTY HMA, LLC; COCKE COUNTY HMA, LLC; METRO KNOXVILLE HMA, LLC; OR CLEVELAND TENNESSEE HOSPITAL COMPANY, LLC, AT ANY TIME FROM NOVEMBER 17, 2018 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("FLSA Collective" or "FLSA Collective Members").**

65. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

66. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

67. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in the operation of a hospital and commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

68. Specifically, Defendants operate numerous hospitals, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

69. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

70. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

71. Specifically, Plaintiff and the FLSA Collective Members are (or were) non-exempt Care Providers who assisted Defendants' customers and employees throughout the United States. 29 U.S.C. § 203(j).

72. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

73. The proposed class of similarly situated employees, i.e. FLSA collective members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 64.

74. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

### B. FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

75. Defendants violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce, the operation of a hospital, or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such non-exempt employees for all the hours they worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

76. Moreover, Defendants knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees the proper amount of overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

77. Defendants knew or should have known their pay practices were in violation of the FLSA.

78. Defendants are a sophisticated party and employer, and therefore knew (or should have known) their pay policies were in violation of the FLSA.

79. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay them according to the law.

80. The decision and practice by Defendants to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was neither reasonable nor in good faith.

81. Accordingly, Plaintiff and the FLSA Collective Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) hours per workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

C. **COLLECTIVE ACTION ALLEGATIONS**

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of Defendants' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

84. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

85. The FLSA Collective Members are defined in Paragraph 64.

86. Defendants' failure to pay Plaintiff and the FLSA Collective Members overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

87. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

88. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

89. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated their overtime wages for all hours worked in excess of forty (40) each week.

90. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

91. Absent a collective action, many members of the proposed FLSA collective will not likely obtain redress of their injuries and Defendants will retain the proceeds of their violations.

92. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

93. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 64 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of Tennessee Common Law)

**A. VIOLATIONS OF TENNESSEE COMMON LAW**

94. Paragraphs 1-93 are incorporated as though fully set forth herein.

95. Plaintiff Wells further brings this action pursuant to the equitable theory of *quantum meruit*.[4] *See Cannon v. Citicorp Credit Servs., Inc., (USA)*, No. 2:12-CV-88, 2014 WL 1267279, at *5 (E.D. Tenn. Mar. 26, 2014); *Carter v. Jackson-Madison Cty. Hosp. Dist.*, No. 110CV01155JDBEGB, 2011 WL 13238697, at *4 (W.D. Tenn. Dec. 13, 2011) (citing *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 524–25 (Tenn. 2005); *Whitehaven Cmty. Baptist Church v. Holloway*, 973 S.W.2d 592, 596 (Tenn. 1998); *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 154 (Tenn. 1966)).

96. The Tennessee Class is defined as:

**ALL CARE PROVIDERS WHO WORKED FOR COMMUNITY HEALTH SYSTEMS, INC.; KNOXVILLE HMA HOLDINGS, LLC; JEFFERSON COUNTY HMA, LLC; CAMPBELL COUNTY HMA, LLC; COCKE COUNTY HMA, LLC; METRO KNOXVILLE HMA, LLC; OR CLEVELAND TENNESSEE HOSPITAL COMPANY, LLC, ANYWHERE IN THE STATE OF TENNESSEE, AT ANY TIME FROM NOVEMBER 17, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Tennessee Class" or "Tennessee Class Members").**

97. Plaintiff Wells and the Tennessee Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

98. These claims are independent of Plaintiff Wells' claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. *See Cannon v. Citicorp Credit Servs., Inc., (USA)*, No. 2:12-CV-88, 2014 WL 1267279, at *5 (E.D. Tenn. Mar. 26, 2014) (citing *Woodall v. DSI Renal, Inc.*, No. 11–2590, 2012 WL 1038626, at *3–6 (W.D. Tenn. Mar. 27, 2012); *Carter v. Jackson-Madison Cty. Hosp. Dist.*, No. 1:10-CV-01155-JDB, 2011 WL 1256625, at *11 (W.D. Tenn. Mar. 31, 2011)).

99. Plaintiff Wells and the Tennessee Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

100. Plaintiff Wells and the Tennessee Class Members conferred a valuable benefit on Defendants because they provided services to Defendants while not on the clock—during their respective meal breaks—without compensation.

101. Defendants accepted Plaintiff Wells and the Tennessee Class Members' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

102. Defendants were aware that Plaintiff Wells and the Tennessee Class Members expected to be compensated for the services they provided Defendants.

103. Defendants have therefore benefited from services rendered by Plaintiff Wells and the Tennessee Class Members, and it is inequitable for Defendants to retain the benefit of Plaintiff Wells and the Tennessee Class Members' services without paying fair value for them.

104. Plaintiff Wells and the Tennessee Class Members are thus entitled to recover pursuant to the equitable theory of *quantum meruit*.

### B. TENNESSEE CLASS ALLEGATIONS

105. All previous paragraphs are incorporated as though fully set forth herein.

106. Plaintiff Wells brings her Tennessee claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants who worked in Tennessee at any time since November 16, 2015. *See* TENN. CODE ANN. § 28-3-109(3).

107. Class action treatment of Plaintiff Wells' Tennessee claim is appropriate because, as alleged below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

108. The number of Tennessee Class Members is so numerous that joinder of all class members is impracticable.

109. Plaintiff Wells is a member of the Tennessee Class, her claims are typical of the claims of other Tennessee Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Tennessee Class Members.

110. Plaintiff Wells and her counsel will fairly and adequately represent the Tennessee Class Members and their interests.

111. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

112. Accordingly, the Tennessee Class should be certified as defined in Paragraph 96.

# VI.
# RELIEF SOUGHT

113. Plaintiff Wells respectfully prays for judgment against Defendants as follows:

    a. For an Order certifying the FLSA Collective as defined in Paragraph 64 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

    b. For an Order approving the form and content of a notice to be sent to the FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

    c. For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

    d. For an Order certifying the Tennessee Class as defined in Paragraph 96 and designating Plaintiff Wells as the Class Representative of the Tennessee Class.

    e. For an Order pursuant to the Tennessee awarding the Tennessee Class Members all damages allowed by law;

    f. For an Order awarding the costs of this action;

    g. For an Order awarding attorneys' fees;

    h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

    i. For an Order awarding Plaintiff Wells a service award as permitted by law;

    j. For an Order compelling the accounting of the books and records of Defendants, at Defendants' expense; and

k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: November 17, 2021        Respectfully submitted,

By:   */s/ Charles P. Yezbak, III*
**Charles P. Yezbak, III**
Tennessee Bar No. 18965
yezbak@yezbaklaw.com
**YEZBAK LAW OFFICES**
2002 Richard Jones Rd., Suite B-200
Nashville, Tennessee 37215
Telephone: (615) 742-5900
Facsimile: (615)742-5958

**Clif Alexander** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24064805
clif@a2xlaw.com
**Austin Anderson** *(Pro Hac Vice Anticipated)*
Texas Bar No. 24045189
austin@a2xlaw.com
**ANDERSON ALEXANDER, PLLC**
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

*Attorneys in Charge for Plaintiff and Putative Class Members*